**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JACOB GONZALES,

    Plaintiff,

   v.                                                       No. CIV 15-00152-MV-KK

NEW MEXICO CORRECTIONS
DEPARTMENT, GREGG MERCANTEL,
*Secretary of Corrections*, JERRY ROARK,
*Director of Adult Prisons*, SUSANA
MARTINEZ, *State of New Mexico*
*Governor*, JEFFERY WRIGLEY, *Warden*,
and JOHN BEAIRD, *Deputy Warden, Sued*
*in their individual and professional capacities*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state

1

a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that the policies of Defendant New Mexico Department of Corrections (the Department) prohibiting inmates from ordering unedited music, receiving pictures of women in lingerie, and ordering magazines such as Curves, Maxim, and Show violate the inmates' First Amendment rights of freedom of expression and freedom of speech.  [Doc. 1 at 2]  The complaint further alleges that the Department's policies are unconstitutionally vague and violate the inmates' Fifth and Fourteenth Amendment rights to due process of law and equal protection.  [Doc. 1 at 2-3]  The complaint seeks monetary damages, punitive damages, declaratory relief, and injunctive relief.  [Doc. 1 at 4-5]

To the extent that Plaintiff seeks to assert constitutional claims on behalf of other inmates in the custody of the Department, Plaintiff's claims will be dismissed.  "A litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

"This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Id.* (internal quotation marks and citation omitted); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed.").

No relief is available on Plaintiff's claims against the Department. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a "person" for section 1983 purposes." *Id.* (internal quotation marks and citation omitted). "In these circumstances, the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). Therefore, the Court will dismiss Plaintiff's claims against the Department.

The complaint alleges that Defendant Susana Martinez, Governor of the State of New Mexico, is "biase[ed] towards any and every person or persons who are labled [sic] as a criminal or gang member and who is trying influence the Department of Corrections into trying to take everything away from us, with out acting in the color of law." [Doc. 1 at 3] The Complaint further alleges that Defendant Martinez failed to prevent the alleged unconstitutional policies, customs, or regulations. [*Id.*] Petitioner's vague and conclusory allegations of bias and improper influence are unsupported by factual

averments and, therefore, are insufficient to state a claim under § 1983. *See Hall*, 935 F.2d at 1110 (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Similarly, Plaintiff has failed to allege any facts indicating that Defendant Martinez personally was involved in the promulgation or enforcement of the challenged policies, customs, or regulations. *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." (internal quotation marks and citations omitted)); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Accordingly, Plaintiff's claims against Defendant Martinez will be dismissed.

Turning to Plaintiff's Fifth Amendment claim, the Court notes that the Fifth Amendment protection against the deprivation of "life, liberty, or property, without due process of law" is not applicable to the states. *See Sawyer v. Burke*, 504 F. App'x 671, 673 (10th Cir. 2012) (dismissing the plaintiff's Fifth Amendment due process claim because the plaintiff had "only alleged constitutional violations committed by agents of the State of Kansas, not the federal government. Therefore, the Due Process Clause of the Fifth Amendment is not implicated.") (unpublished opinion). However, the

Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff's complaint alleges the same facts in support of his Fifth Amendment and Fourteenth Amendment due process claims and, therefore, the Court liberally will construe them to be one and the same.  *See Sawyer*, 504 F. App'x at 673-74 (construing the plaintiff's fifth amendment and fourteenth amendment due process claims "to be one and the same").

Plaintiff alleges that the challenged policies violate the equal protection clause of the Fourteenth Amendment because they are applicable to inmates in the custody of the Department and not to staff employed by the Department. [Doc. 1 at 4]   "The Equal Protection Clause requires the government to treat similarly situated people alike." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).  "In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Id.*; *see also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("[A]t the heart of any equal protection claim must be an allegation of being treated differently than those similarly situated.").  Incarcerated inmates are not similarly situated to the Department's staff and, therefore, Plaintiff's complaint fails to state a claim for an equal protection violation.  *See Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (holding that inmates in administrative segregation are not similarly situated to inmates in the general population).  As such, Plaintiff's equal protection claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims on behalf of other inmates in the custody of the Department are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against the Department are DISMISSED; and the Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Martinez are DISMISSED; and Defendant Martinez is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment equal protection claim is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1], for Defendants Mercantel and Roark at the New Mexico Corrections Department, P.O. Box 27116, Santa Fe, NM, 87502-0116, and to Defendants Wrigley and Beaird at the Lea County Correctional Facility, 6900 West Millen, Hobbs, New Mexico, 88244.

_____
UNITED STATES DISTRICT JUDGE