IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB GONZALES,

     Plaintiff,

     v.                                                  2:15-cv-00152-MV-LF

GREGG MERCANTEL, JERRY ROARK,
JEFFREY WRIGLEY, JOHN BEAIRD,

     Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendants John Beaird and Jeff Wrigley's motions to dismiss.  Docs. 16, 23.  Plaintiff Jacob Gonzales did not respond to either motion, and defendants each filed a notice indicating that briefing was complete.  Docs. 24, 26.  District Judge Martha Vazquez referred this matter to me pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to recommend an ultimate disposition of the case.  Beaird and Wrigley's motions present identical arguments, and the Court will address them together.  Having reviewed the defendants' motions and the relevant law, I recommend that the Court grant Beaird and Wrigley's motions to dismiss.

### I.    Background Facts and Procedural Posture

Plaintiff Jacob Gonzales is a state prisoner currently housed at the Lea County Correctional Facility (LCCF).  Doc. 1 at 1.  Gonzales initiated this civil rights lawsuit pursuant to

28 U.S.C. § 1343[1] and 42 U.S.C. § 1983 against the New Mexico Department of Corrections, Secretary of Corrections Gregg Marcantel, Director of Adult Prisons Jerry Roark, Governor Susana Martinez, former LCCF Warden Jeff Wrigley, and Security Warden John Beaird.[2] *Id.* Gonzales alleges that defendants perpetuated a policy that violated his First Amendment right to freedom of expression and freedom of speech by not allowing him to order unedited music, to receive pictures of his girlfriend or wife in lingerie, or to order magazines like "Curves," "Show" or "Maxim." *Id.* at 2.  Gonzales also alleges that defendants' policies are vague with respect to time limits and are used to "manipulate and burn [him] on [his] visits by using the vague and contradictory policy to suspend [his] visits without proof of guilt." Id. at 3.

In a previous memorandum opinion and order, Judge Vazquez dismissed Gonzales's claims against the New Mexico Department of Corrections, Susana Martinez, and his Fourteenth Amendment equal protection claim.  Doc. 12.  She further construed his Fifth Amendment due process and Fourteenth Amendment due process claim as one in the same, and dismissed any claims Gonzales purported to bring on behalf of other inmates.  *Id.*  Defendants Marcantel and Roark have answered the complaint.  Doc. 17.  Defendants Beaird and Wrigley seek dismissal of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  *See* Docs. 16, 23.

---

[1] 28 U.S.C. § 1343 states:

> (a)  The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> \* \* \* \*
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

[2] Gonzales identifies John Beaird as "Deputy Warden."  Doc. 1 at 2.  However, in his motion, Beaird identifies himself as "Security Warden."  Doc. 16 at 1.

II.     <u>**Standard of Review**</u>

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint must include enough facts to state a claim to relief that is plausible on its face. *Id.* at 555–56. The allegations must be sufficient to establish that, if true, "the plaintiff plausibly (not just speculatively) has a claim for relief." *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (internal quotation marks and citation omitted).

The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

While the Court must construe a *pro se* plaintiff's complaint broadly under this standard, the generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (1991). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts

3

if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* at 1110; *see also Whitney v. New Mexico.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.  Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III.   Discussion

#### A.  Gonzales's Failure to Respond to the Motions to Dismiss

"Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR–Civ. 7.1(b).  The Court, however, cannot grant a motion to dismiss based solely on plaintiff's failure to respond and must consider the merits of the motion.  *See Issa v. Comp USA,* 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.")  The requirement that a court consider the merits before granting an unopposed motion to dismiss is "consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'"  *Id*. at 1177–78 (quoting *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994)).

Accordingly, although the local rules provide that a party's failure to respond to a motion to dismiss for failure to state a claim is deemed consent to the Court granting the motion, the Court nonetheless must rule on the substance of such motions and generally does not grant

4

dispositive motions on procedural defaults alone. *See Sawyer v. USAA Ins. Co.,* 912 F. Supp. 2d 1118, 1144–45 (D.N.M. 2012) ("It is important that Sawyer filed no written response to [defendant]'s motions and, under the rules, is deemed to have consented to the Court granting the motion. . . .  The Court nonetheless carefully considered the merits of this motion and held a hearing, at which Sawyer presented no evidence.").

**B.  Gonzales Fails to State a Claim Under § 1983 Against Defendants Wrigley and Beaird.**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 does not create any substantive rights, but merely provides the mechanism for the enforcement of existing constitutional and federal statutory rights. *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002).  To assert a claim under § 1983, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by a federal statute or regulation, (2) that was proximately caused (3) by the conduct of a "person" (4) who acted under color of any state statute, ordinance, regulation, custom, or usage. *Summum v. City of Ogden*, 297 F.3d 995, 1000–01 (10th Cir. 2002).

The Supreme Court has made clear that there is no *respondeat superior* liability under 42 U.S.C. § 1983.  *See Iqbal,* 556 U.S. at 676.  "[V]icarious liability is inapplicable to *Bivens* and § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.  Because there is no vicarious liability under § 1983, "each Government official, his or her title notwithstanding, is

only liable for his or her own misconduct." *Id.* at 677.

Although the Tenth Circuit noted that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit," it concluded that it did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Supervisory defendants may be liable under § 1983 "where an affirmative link exists between the unconstitutional acts by their subordinates and their adoption of any plan or policy —express or otherwise—showing their authorization or approval of such misconduct." *Dodds,* 614 F.3d at 1200–01 (internal citation, quotations, and omissions omitted). "[I]t is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Instead, a plaintiff must show that the "defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Id.* at 995. Moreover, a § 1983 civil rights action "must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

In this case, Gonzales fails to allege an affirmative link between defendants Wrigley and Beaird and the promulgation and implementation of the alleged unconstitutional policies.

6

Gonzales does not assert that either defendant actually violated <u>his</u> personal constitutional rights, as opposed to the rights of someone else.  As Beaird and Wrigley point out, Gonzales's complaint "does not identify a single instance in which [Beaird or Wrigley] is alleged to have violated Gonzales's right to free speech or due process."  Doc. 16 at 4; Doc. 23 at 4.

> Gonzales does not allege he attempted to purchase unedited music and [Beaird or Wrigley] refused to allow him to do so.  Gonzales does not allege he attempted to subscribe to Curves, Show, or Maxim and [Beaird or Wrigley] prohibited him from doing so.  Gonzales does not allege [Beaird or Wrigley] confiscated photos of Gonzales's girlfriend or wife in her lingerie without affording Gonzales notice and an opportunity to be heard.

Doc. 16 at 4; Doc. 23 at 4–5.  Further, while Gonzales's complaint alleges that unnamed prison officials used unconstitutional policies to "manipulate and burn us on our visits" and suspend our visits without proof of guilt," Doc. 1 at 3, he does not describe any instances where Beaird or Wrigley interfered with his visitation time.  While Gonzales's complaint may suggest the possibility of misconduct by some prison official directed at some inmate(s), it does not provide sufficient factual allegations that Beaird and Wrigley personally violated his constitutional rights (as opposed to another inmate's) or that either of them directed another to violate his rights under the First and Fourteenth Amendments.  Gonzales's complaint does not include enough facts to state a claim to relief that is plausible on its face.

### C.  Gonzales's Request for Injunctive and Declaratory Relief

In addition to seeking damages, Gonzales seeks injunctive and declaratory relief.  Doc. 1 at 4–5.  "Where a plaintiff seeks equitable relief, a mere showing that he maintains a personal stake in the outcome of the controversy is insufficient."  *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (internal citations omitted).  To state a claim for injunctive relief, a plaintiff must demonstrate the likelihood that he is susceptible to a continuing injury that will have immediate adverse effects.  *Id*.  In other words, a plaintiff must show a real, immediate threat

that he will be wronged again.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).  A court will not entertain a claim for injunctive relief if the allegations only rise to a level of speculation or conjecture.  *Jordan*, 654 F.3d at 1024.

Gonzales's request for injunctive relief does not demonstrate that he is likely to suffer from a continuing injury at the hands of either Beaird or Wrigley.  He seeks an injunction to "formally correct all polic[ies] and pro[cedures]" on a variety of issues, including the way the mail is processed, taxing commissary, pricing on music purchases, clarifying punishments, and "add direct time limits to all guidelines pertaining policies, pro[cedures]."  Doc. 1 at 5.  Gonzales also appears to seek an injunction ordering the New Mexico Corrections Department to clarify its policies and procedures regarding the disciplinary process.  *Id*.  But Gonzales does not allege that either Beaird or Wrigley interfered with his mail, improperly taxed his commissary, overpriced his music purchases, or punished him based on vague disciplinary policies.  In short, Gonzales has failed to allege that he has suffered *any* injury as a result of either Beaird or Wrigley's actions, much less that he is likely to suffer from a *continuing* injury.  He therefore has failed to state a claim for injunctive relief against either Beaird or Wrigley.

"[I]n an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."  *Jordan,* 654 F.3d at 1025.  A declaratory judgment is only sustainable if the court is able to resolve an actual case or controversy rather than providing an advisory opinion.  *Id*.  Thus, a plaintiff seeking declaratory judgment must demonstrate that the court's ruling will settle a dispute which affects the behavior of the particular defendant named in the complaint toward the plaintiff.  *Id.*

Although Gonzales's request for declaratory judgment is not entirely clear, it appears he seeks a declaration that the defendants perform their job duties so as to not violate his constitutional rights, that defendants issue clear policies and procedures that do not violate his constitutional rights, and that the Court order that items inmates are allowed "to order at one facility we are allowed to have at any and every facility." Doc. 1 at 4–5. Gonzales, however, does not allege that either defendant Beaird or Wrigley violated his constitutional rights. Consequently, Gonzales cannot establish that the Court's ruling will settle a dispute which would correct defendants Beaird and Wrigley's behavior specifically toward him. Therefore, Gonzales's claims for declaratory relief also fail.

IV.    **Recommendation**

Because Gonzales's complaint fails to allege sufficient facts to state a claim for relief against either Beaird or Wrigley, I recommend that the Court grant their motions to dismiss and dismiss Gonzales's claims against these two defendants without prejudice. Should the Court adopt these recommendations, I also recommend, given Gonzales's *pro se* status, that the Court give Gonzales the opportunity to amend his complaint.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge

9