IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB GONZALES,

    Plaintiff,

     v.                                                                   2:15-cv-00152-MV-LF

GREGG MERCANTEL, JERRY ROARK,
JEFFREY WRIGLEY, JOHN BEAIRD,

    Defendants.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendants John Beaird and Jeff Wrigley's objections to Magistrate Judge Laura Fashing's proposed findings and recommended disposition (Doc. 27) ("PF&RD"). Doc. 28. Having reviewed the PF&RD, the objections, and the relevant law, the Court finds that the objections are not well taken and will overrule them. The Court adopts the magistrate judge's recommendation in its entirety.

Defendants Beaird and Wrigley urge the Court to adopt the magistrate judge's PF&RD in all respects except "insofar as it recommends that the dismissal of Gonzales' claims be without prejudice and that Gonzales be afforded the opportunity to amend the complaint." Doc. 28 at 1. Beaird and Wrigley argue that allowing Gonzales an opportunity to amend is inappropriate because Gonzales has not participated in prosecution of his claims since April 22, 2015, including failing to respond to the motions to dismiss. Doc. 28 at 2.

Dismissal of a case under FED. R. CIV. P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d

1357, 1359 (10th Cir. 1989).  Accordingly, in this district, "courts typically do not dismiss a claim under FED. R. CIV. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations."  *Id.*  In pro se cases, dismissal for failure to state a claim with prejudice is proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (internal citation omitted); *see also Hall v. Bellmon,* 935 F.2d 1106, 1110.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  If a pro se plaintiff's factual allegations are close to stating a claim but missing some element that may not have occurred to him or her, the Court should permit the plaintiff to amend.  *Gee*, 627 F.3d at 1195.

In this case, the magistrate judge recommended dismissal because Gonzales failed to specifically allege that either Beaird or Wrigley were personally involved in any alleged violation of his personal constitutional rights, as opposed to the rights of others.  The defect in the complaint had more to do with how the allegations were structured rather than the merits of his claims.  Accordingly, it is not obvious that Gonzales cannot prevail on the facts he has alleged, nor is it obvious that it would be futile to give him an opportunity to seek leave to file an amended complaint.

THEREFORE, defendants Beaird and Wrigley's objections are overruled, and the Court adopts the magistrate judge's PF&RD.

IT IS ORDERED that Beaird and Wrigley's motions to dismiss (Docs. 16, 23) are granted.

IT IS FURTHER ORDERED that Gonzales' complaint is dismissed without prejudice.

Gonzales has 21 days from the date of this order to seek leave to amend his complaint as to his claims against Beaird and Wrigley. If Gonzales fails to file a motion for leave to amend his complaint pursuant to FED. R. CIV. P. 15 within 21 days, his claims against defendants Beaird and Wrigley will be dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT JUDGE