IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB GONZALES,

    Plaintiff,

v.                                                                          2:15-cv-00152-MV-LF

GREGG MARCANTEL,[1] JERRY ROARK,
JEFFREY WRIGLEY, JOHN BEAIRD,

    Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

This matter is before the Court on plaintiff's motion for appointment of counsel (Doc. 54), filed June 19, 2018. "There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). When considering a motion for appointment of counsel in a civil rights case, the Court weighs the following factors: the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Although Mr. Gonzales's papers may be inexpertly drawn, *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), he has been litigating this matter without counsel since its commencement on February 20, 2015. Doc. 1. He appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Further, the Court previously adopted the magistrate judge's recommendation to dismiss this case for lack of meritorious claims. Docs. 49, 50. Accordingly,

---

[1] David Jablonski, the current New Mexico Corrections Department (NMCD) Cabinet Secretary, is substituted for Mr. Marcantel to the extent Gonzales seeks prospective injunctive relief in the form of a change in NMCD policy. *See* Doc. 36 at 1 n.1; Doc. 38.

having reviewed the case in light of the relevant factors, the Court finds that Mr. Gonzales's motion should be denied.

IT IS THEREFORE ORDERED that the motion for appointment of counsel (Doc. 54) is DENIED.

> **MR. GONZALES IS REMINDED** that his written objections must be filed no later than July 2, 2018. Doc. 53. Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Mr. Gonzales must file any objections with the Clerk of the District Court no later than July 2, 2018 if he wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge